RECEIVED
IN LAKE CHARLES, LA
DEC 07 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOSEPH SMITH D/B/A DELAINE APARTMENTS | : | DOCKET NO. 06-1440 |
| VS. | : | JUDGE TRIMBLE |
| EMPLOYERS MUTUAL CASUALTY COMPANY, INSURANCE UNLIMITED OF LOUISIANA, INC AND CASEY CHRIST | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Before the Court is "Employers Mutual Casualty Co.'s Motion for a Stay of All Proceedings Pending Appraisal" (doc. #14) wherein the mover, Employers Mutual Casualty Co. ("EMC") seeks to have this Court issue an order to stay the instant case pending completion of an appraisal. Plaintiff, Joseph Smith, d/b/a Delaine Apartments ("Smith") opposes the motion.

### FACTUAL STATEMENT

EMC insured Smith's apartment complex under Policy No. 2X14406 with the effective dates of January 4, 2005 through January 4, 2006. Smith sustained physical loss and damage to the insured premises on or about September 24, 2005 as a result of Hurricane Rita. Such loss triggered EMC's obligation to pay for all losses and damages caused by the Hurricane. Smith notified EMC of the loss and damage and EMC confirmed the fact that the insured premises were damaged.

EMC and Smith disagreed on the amount of loss covered by the policy. Thomas Monnier of EMC wrote a letter to Smith's attorney, Clayton Davis, and demanded an appraisal pursuant to

Section E(2) of the policy.[1] EMC maintains that because Smith has not participated in the appraisal process, this litigation is premature and should be stayed pending the completion of the appraisal process.

## LAW AND ANALYSIS

The EMC policy contains the following provision in section E(2) regarding the appraisal process:

E. PROPERTY LOSS CONDITIONS

* * *

2. Appraisal.

    If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

  a.    Pay its chosen appraiser; and

  b.    Bear the other expenses of the appraisal and umpire equally.

The EMC policy further provides the following in section E(4):

    **4. Legal Action Against Us**

    No one may bring a legal action against us under this insurance unless:
    a. There has been full compliance with all of the terms of this insurance; and
    b. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

---

[1] EMC's exhibit "B".

Hence, EMC argues that because Smith has not fully complied with the terms and conditions of the policy by not participating in the appraisal process, the instant suit was prematurely filed. The Court disagrees.

The policy language states in pertinent that "either [party] *may* make written demand for an appraisal of the loss."[2] (Emphasis added) EMC drafted the insurance policy and elected to use the term "may," which is permissive. The policy, as written, permits but does not require that the parties engage in the appraisal process. Accordingly, the claimant is not bound to participate in the appraisal process.

## **CONCLUSION**

Based on the foregoing, the motion for a stay filed by Employers Mutual Casualty Co. will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 7th day of December, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[2] EMC's exhibit A, § E(2).