U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

FEB 2 5 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOSEPH SMITH D/B/A DELAINE APARTMENTS | : | DOCKET NO. 06-1440 |
| VS. | : | JUDGE TRIMBLE |
| EMPLOYERS MUTUAL CASUALTY CO., ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment" (doc. #48) filed by defendant, Employers Mutual Casualty Insurance Company ("EMC") wherein the mover seeks partial summary judgment pursuant to Federal Rules of Civil Procedure 56 to dismiss Plaintiff's claims under Louisiana Revised Statutes 22:658 and 22:2201.

### FACTUAL STATEMENT

EMC issued a policy of insurance to Plaintiff that provided coverage from January 4, 2005 to January 4, 2006 for the Delaine Apartments located in Sulphur, Louisiana. The Apartments were damaged by Hurricane Rita on or about September 24, 2005. EMC tendered payments to Plaintiff for the following amounts: $411,305.74 for building loss, $49,765.64 for contents loss, and $170,703.19 for loss of rents/loss of income.[1] The dates and amount of the payments are as follows:

| Date of Tender | Amount | Description |
|---|---|---|
| 10/06/05 | $ 10,000.00 | Business Income Losses |
| 10/06/05 | $ 25,000.00 | Other |
| 10/26/05 | $ 19,500.00 | Business Income Losses |
| 10/26/05 | $ 25,000.00 | Other |
| 10/26/05 | $ 15,000.00 | Other |
| 11/29/05 | $ 29,500.00 | Business Income Loss |
| 01/31/06 | $ 29,500.00 | Business Income Loss |

| Date | Amount | Category |
|---|---|---|
| 02/16/06 | $ 59,164.10 | Other |
| 04/12/06 | $ 13,632.25 | Business Income Loss |
| 04/26/06` | $ 61.37 | Business Income Loss |
| 04/26/06 | $287,141.64 | Other |
| 04/26/06 | $ 45,549.79 | Other |
| 05/23/06 | $ 16,127.43 | Business Income Loss |
| 06/28/06 | $ 13,277.43 | Business Income Loss |
| 08/09/06 | $ 13,250.93 | Business Income Loss |
| 09/06/06 | $ 16,103.24 | Business Income Loss |
| 10/03/06 | $ 9,750.54 | Business Income Loss |
| 01/07/08 | $ 4,215.85 | Other |

$631,774.57    TOTAL PAYMENTS

Because EMC and Plaintiff disagreed on the amount of loss covered by the policy, EMC invoked the appraisal process by letter dated April 27, 2006.[2] Plaintiff refused to take part in the appraisal process. Plaintiff then hired R & D Insurance Consultants, LLC who issued a First and Final Report dated June 20, 2006 which stated the damages to the building to be $1,061,426.79. Plaintiff demanded an additional payment of $726,235.36.[3] EMC reviewed the estimate and rejected it pursuant to a letter dated June 30, 2006. EMC concluded that the R & D estimate (1) contained scope of work that was excessive, meaning the replacement of items not damaged, (2) contained prices for removal costs for items already removed and paid for by EMC, (3) contained duplication and over scoping of cleaning costs, (4) contained replacement of brick veneer not damaged by Hurricane Rita, and (5) contained damages for contents with added overhead and profit.[4]

To support his additional claim for damages, Plaintiff submitted to EMC on October 31, 2007, documentation including receipts, invoices, and bank checks as well as documentation as to the actual costs of repairs to the building.[5] EMC reviewed the documentation which revealed that Plaintiff had spent $321,159.77 on building repairs; also, EMC remarked that it had previously

paid $74,164.10 to Serv Pro Restoration.[6] Thus, EMC determined that no additional benefits were due under the policy. Meanwhile, Plaintiff filed the instant suit on July 19, 2006.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[7] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[8] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non- moving party.[9] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[10] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[11] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[12] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[13] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[14]

## LAW AND ANALYSIS

Plaintiff alleges that EMC "is in violation of Louisiana Revised Statute 22:658."[15] Plaintiff also alleges that EMC breached its good faith duty to adjust petitioner's claim pursuant to Louisiana Revised Statute 22:1220.[16] Plaintiff asserts that EMC's act and/or omissions were arbitrary, capricious and without probable cause.[17]

An insurer can be held liable in bad faith under either statute (22:658 and 22:1220) only upon a showing that the insurer acted arbitrarily, capriciously, or without probable cause.[18] The bad faith statutes are strictly construed, and Plaintiff bears the burden of proof.[19]

An arbitrary act is an act "based on random choice or personal whim, rather than any reason or system, . . ." and a capricious action is "given to sudden and unaccountable changes of behavior."[20] "Whether or not a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action. . . ."[21] "The phrase 'arbitrary, capricious, or without probable cause' is synonymous with 'vexatious.' Both describe an insurer whose willful refusal of a claim is not based on a good faith defense."[22] "Arbitrary action is a willful and unreasoning action, without consideration for the facts and circumstances presented, or acting with unfounded motivation."[23] "An insurer's action in handling a claim is arbitrary and capricious when its willful refusal of a claim is not based on a good faith defense or is unreasonable or without probable cause."[24]

Plaintiff maintains that EMC was arbitrary, capricious and/or without probable cause in handling the loss claim because EMC did not make payments until 2006 – the largest payment of $287,141.64 was not paid until April 26, 2006 – seven months after the storm. Thus, Plaintiff

argues that there is a genuine issue of material fact of whether EMC was arbitrary, capricious or without probable cause in failing to pay sooner. However, the time period does not commence upon the date of the loss, but upon receipt by EMC of satisfactory proof of the loss. Plaintiff submits no evidence to this Court as to when he submitted satisfactory proof of loss to EMC. Furthermore, Plaintiff has submitted no evidence to this Court that EMC's actions were arbitrary, capricious or without probable cause.

Plaintiffs dispute EMC's statement that its payments were based on accurate repair cost calculations. We agree that the trier of fact will determine if EMC owes additional money for repair costs. However, this will not preclude the Court from determining if Plaintiff's claims for penalties and attorneys fees pursuant to 22:658 and 22:1220 should be dismissed.

EMC, alternatively argues that the August 2006 Amendments to Louisiana Revised Statute 22:658(B)(1) are not retroactive, and thus do not apply to this claim. In 2006, the Louisiana Legislature amended Louisiana Revised Statute 22:658(B)(1) to increase the statutory penalty against an insurer that fails to timely pay a claim from twenty-five percent damages to fifty percent damages, and to provide reasonable attorneys fees and costs. The amendment does not go into effect until August 2006. Plaintiff argues that some of EMC's actions were after the amendment date. For instance Plaintiff refers to EMC's $4,215.85 payment of recoverable depreciation on November 30, 2007. Plaintiff argues that EMC's act of failing to pay, in full or in part, the recoverable depreciation within 30 days of receipt of the information, despite a demand letter dated April 17, 2007, makes EMC liable for penalties under the current version of 22:658. Plaintiff also argues that EMC has withheld $109, 305.66 as recoverable depreciation even though the repairs have been made. Plaintiff has submitted no proof of when the repairs to the

building were made which would trigger the payment of the recoverable depreciation. Furthermore, the November 30, 2007 letter states that receipts, invoices, and bank checks by Mr. Smith in support of claims for replacement cost proceeds under the policy, and documentation as to the actual costs of repair to the building were not received by EMC until October 31, 2007. The Court concludes that EMC was not arbitrary, capricious or without probable cause in its handling of this claim.

Plaintiff argues that EMC misrepresented pertinent facts in its letter of June 30, 2006 regarding the R &D report and certain policy provisions. Specifically, Plaintiff complains of the following statement:

> Mr.'s Smith's failure to appointment a competent and impartial appraiser could be construed by EMC as a intentional breach of the insurance contract, that would nullify any further coverage that might otherwise exist for Mr. Smith's losses. We will await the appointment of your appraiser.[25]

The Court has reviewed the letter and concludes that it does not misrepresent the facts in the R & D report, but only disputes the accuracy of the report, nor does it misrepresent the policy provision.

## CONCLUSION

Based on the foregoing, the Court will grant the motion for partial summary judgment and dismiss Plaintiff's claims for penalties, attorneys fees and costs pursuant to Louisiana Revised Statutes 22:658 and 22:1220 because EMC was not arbitrary, capricious or without probable cause in it handling of Plaintiff's insurance claims.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 26th day of February, 2008

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

1 EMC's Exhibit B.

2 Exhibit C attached to Exhibit B, Affidavit of Charles H. Herrold, EMC's memorandum.

3 Exhibit F, Plaintiff's opposition memorandum.

4 Exhibit D, Plaintiff's opposition memorandum.

5 Exhibit B, Plaintiff's opposition memorandum.

6 *Id.*

7 Fed. R.Civ. P. 56(c).

8 *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

9 *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999).

10 *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir. 1996).

11 *Anderson,* 477 U.S. at 249.

12 *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

13 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

14 *Anderson,* 477 U.S. at 249-50.

15 Petition, ¶ 5. La. R.S. 22:658(A)(3) which requires that in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant.

16 *Id.* ¶ ¶ 6-8.

17 *Id.*

18 See *Reed v. State Farm Mut. Auto. Ins. Co.,* 857 So.2d 1012 (La. 2003); see also *Rovira v. LagoDa, Inc.,* 551 So.2d 790, 796 (La.App. 5th Cir. 1989), *writ denied,* 556 So.2d 36 (La.1990)(denying insured's claim for bad faith penalties because the insurer's refusal to pay was not arbitrary or capricious).

19 *Franklin Ford v. Golemi, Albrecht Ins.,* 522 So.2d 1283, 1288 (La.App. 5th Cir. 1988), *writ denied,* 530 So.2d 83 (La.1988).

20 *Reed,* 857 So.2d at 1020.

21 *Id.* at 1021.

22 *Combetta v. Ordoyne,* 934 So.2d 836 (La.App. 1 Cir. 2006), *writ denied,* (La.2006).

23 *Vaughn v. Franklin,* 785 So.2d 79, 86 (La.App. 1 Cir. 2001), *writ denied,* 798 So.2d 969 (La.2001).

24 *Combetta,* 934 So.2d at 842.

25 Plaintiff's Exhibit D, opposition memorandum.