UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JOSEPH SMITH, D/B/A DELAINE APARTMENTS** | **CIVIL ACTION NO.: 2:06-CV-1440** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **EMPLOYERS MUTUAL CASUALTY COMPANY** | **MAGISTRATE JUDGE METHVIN** |

*RULING ON MOTION TO COMPEL*
*(Rec. Docs. 55 and 73)*

This case is set for trial before Judge Trimble on April 14, 2008. Plaintiff claims that defendant insurance company has wrongly refused to pay policy limits for damages from Hurricane Rita to plaintiff's apartment complex. On March 10, 2008, defendant filed a timely Motion to Compel. Mover subpoenaed documents from Ron Rhodes, plaintiff's expert consultant on damages. Apparently Rhodes provided responsive documents to plaintiff's counsel, who advised mover that certain documents would be withheld as privileged.

On March 13, 2008, the undersigned issued an order requiring plaintiff to give to defendant all responsive documents which were not claimed to be privileged on or before March 18, 2008, and to file an opposition memorandum and a privilege log as to the documents withheld.[1] Plaintiff did not file an opposition and privilege log.

On March 25, 2008, mover filed a Supplemental Motion to Compel, explaining that plaintiff produced portions of the subpoenaed file but withheld emails that were listed on a privilege log submitted to mover.[2] The information withheld are emails between: plaintiff and an

---

[1] Rec. Doc. 55.

[2] Rec. Doc. 73.

2

employee of Rhodes; plaintiff's counsel and an employee of Rhodes; and Rhodes and his employee.

Considering the upcoming trial date, and that plaintiff failed to file an opposition to the motion or provide a privilege log in accordance with the undersigned's March 13th order[3], the undersigned concludes that the issues before the court are ready for disposition.[4]

The undersigned concludes that Rhodes's file, including the emails withheld, are discoverable. Plaintiff fails to cite any relevant case law supporting his position that the information in question is privileged.

Federal Rule Civil Procedure R. 26(a)(2)(B) requires an expert to provide "the data or other information considered by the witness in forming [his opinions]". The Advisory

---

[3] The order required that the privilege log contain:

a. the date the document was created;
b. the author of the document;
c. all recipients of the document, along with their capacities;
d. the document's subject matter;
e. the specific privilege being asserted;
f. factual and legal support for the claim of privilege in light of established Fifth Circuit jurisprudence.

For the work product, the privilege log must establish that the qualified immunity applies, i.e., the documents and/or tangible things were prepared in anticipation of litigation by or for a party or by or for a party's representative. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed 451 (1947). Conclusory assertions of privilege are insufficient. Blockbuster Entertainment Corp. v. McComb Video, Inc., 145 F.R.D. 402, 404 (M.D.La. 1992).

[4] Although mover filed a Supplemental Motion to Compel, it is clear that it concerns precisely the same issues that the undersigned ordered plaintiff to address in an opposition memorandum. Considering plaintiff's failure to comply with that order, the motion will be addressed on the merits without affording plaintiff additional time to brief the issues.

3

Committee Notes state that "given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions--whether or not ultimately relied upon by the expert--are privileged or otherwise protected from disclosure." Fed.R.Civ.P. 26(a)(2)(B) Advisory Comm. Notes.  In <u>TV-3, Inc., Royal Ins. Co. of America</u>, 193 F.R.D. 490, 492 (S.D. Miss. 2000), the court analyzed the Rule 26 and applicable case law, and concluded:

> We therefore find that all documents and other communications as described in the subject subpoenas considered by the experts in formulating the opinions the experts are expected to express at trial must be produced to the Plaintiffs. We further interpret the word "considered" as the Court in the *Baxter* case did, that it is intended to encompass: (a) all documents and oral communications relied upon by the experts in formulating their opinions; and (b) all documents and oral communications reviewed by the experts in connection with the formulation of their opinions, but ultimately rejected or not relied upon. *Baxter,* 1993 WL 360674 at *1. We anticipate that that definition will include correspondence and materials from attorneys to the experts which would have been protected by the work product doctrine prior to the 1993 Amendments.
>
> The undersigned also finds that any material generated by the testifying expert in connection with the subject litigation is not protected and should be produced, so any communications by the expert to the attorneys is discoverable. Also, any documents or communications containing *facts* or factual information about the issues in the lawsuit are not protected by any privilege and must be produced.

*See* <u>In re Pioneer Hi-Bred Int'l, Inc.</u>, 238 F.3d 1370, 1375 (Fed.Cir. 2001); <u>Southern Scrap Material Co. v. Fleming</u>, 2003 WL 21474516 (E.D. La. 2003) (unpublished); <u>TV-3, Inc., Royal Ins. Co. of America</u>, 193 F.R.D. 490 (S.D. Miss. 2000); <u>Simon Prop. Group, L.P. v. MySimon, Inc.</u>, 194 F.R.D. 644, 647 (S.D.Ind. 2000); <u>Culbertson v. Shelter Mut. Ins. Co.</u>, 1999 WL

4

109566, (E.D.La.1999); Lamonds v. General Motors Corp., 180 F.R.D. 302, 305 (W.D.Va.1998).

Thus, the undersigned finds that Rhodes is required to produce all documents and file material, including the emails withheld and listed on Exhibit B to Rec. Doc. 73. Accordingly,

**IT IS ORDERED** that the Motion to Compel and Supplemental Motion to Compel are **GRANTED** and the Rhodes's complete file, including emails, shall be produced on or before **APRIL 3, 2008.**

**IT IS FURTHER ORDERED** that the Clerk shall fax a copy of this ruling to all counsel of record.

Signed at Lafayette, Louisiana, on March 28, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)